# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 18, 2009

## STATE OF TENNESSEE v. DARYL POWELL

### Direct Appeal from the Circuit Court for Sequatchie County
### No. 4160   Thomas W. Graham, Judge

---

### No. M2008-02510-CCA-R3-CD - Filed June 8, 2010

---

The Defendant-Appellant, Daryl Powell, appeals from the Sequatchie County Circuit Court's order denying his motion to determine the conditions and status of his probation and requiring him to provide a blood sample to the DNA database, which was entered more than four years after he was sentenced for his conviction for incest, a Class C felony. In his appeal, Powell argues that he complied with the provisions of Tennessee Code Annotated section 40-35-321 when he submitted a blood sample to the DNA database during the investigation of the charges against him in this case. Upon review, we conclude that Powell does not have an appeal as of right pursuant to Tennessee Rule of Appellate Procedure 3(b). Accordingly, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Steven G. Moore, Fort Oglethorpe, Georgia, for the Defendant-Appellant, Daryl Powell.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; J. Michael Taylor, District Attorney General; and Steven H. Strain, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### FACTUAL BACKGROUND

A Sequatchie County Grand Jury indicted Powell for the offenses of rape and incest on April 14, 2002. Powell pleaded guilty to incest, a Class C felony, on February 11, 2003. On February 23, 2004, the trial court sentenced Powell as a Range I, standard offender to a sentence of six years, with one year to be served in jail followed by five years of probation.

The court ordered that Powell could participate in a work release program on weekdays after serving ninety days in jail and ordered that Powell's jail service was a condition of his probation. The court also ordered Powell to submit a biological specimen for DNA analysis.

On October 20, 2008, Powell filed a motion to determine the conditions and status of his probation. In this motion, he specifically objected to providing a blood sample for DNA analysis because he had previously submitted a blood sample during the investigation into the charges against him. Powell claimed that his probation officer had informed him that he would issue an arrest warrant against Powell for a violation of his probation if he did not provide a second blood sample to be submitted to the DNA database.

**Motion Hearing.** At the October 27, 2008 motion hearing, neither the State nor the defense presented any proof. Defense counsel argued, however, that Powell's blood sample was obtained and entered into the DNA database by the Tennessee Bureau of Investigation during Powell's investigation, which was sufficient to comply with Tennessee Code Annotated section 40-35-321. Counsel stated that he filed his motion to determine the conditions and status of Powell's probation because Powell's probation officer informed him that if he refused to submit a DNA sample to the Tennessee Bureau of Investigation to be entered into the DNA database, then he would seek an arrest warrant for a violation of his probation. The State responded that Tennessee Code Annotated section 40-35-321(d)(1) requires that all defendants sentenced for committing a felony or misdemeanor that requires them to register as a sexual offender after July 1, 1998 must submit a DNA sample. When defense counsel argued that Powell should not be required to give a second blood sample, the court stated, "I don't even know . . . if what they did in the investigation would be compatible with what they want to do to save [the DNA sample in the database]." Defense counsel also argued that Powell should not have to undergo the painful procedure to submit a second blood sample. Defense counsel and the trial court then had the following exchange:

> THE COURT: [Powell] has to [provide the second DNA sample] because the state legislature says he has to do it, it's the law.
>
> [DEFENSE COUNSEL]: Well, I understand that, Judge, but I mean, I feel he's complied with [Tennessee Code Annotated section 40-35-321]. Does it have to be entered twice?
>
> THE COURT: Apparently it was not entered [into the DNA database]. If you're saying that during the investigation, as part of a rape kit or something, they took it, that's not the same as giving a sample after it's all been said and done and he's guilty, and something has to be sent off for all time with the data[base], I can see why they might not have even been compatible [with]

whatever they did initially. If that's all he's saying, he needs to comply with the law.

On October 27, 2008, the trial court filed a written order denying Powell's motion and ordering Powell to submit a second biological sample pursuant to Tennessee Code Annotated section 40-35-321 within a reasonable time period. Powell filed a timely notice of appeal.

**ANALYSIS**

Powell argues that the blood sample that was obtained during his investigation and submitted to the Tennessee Bureau of Investigation fulfills the requirements of Tennessee Code Annotated section 40-35-321. He also contends that Tennessee Code Annotated section 40-35-321(e)(1), which requires collection of DNA samples at the time of an individual's arrest for a violent felony as defined in Tennessee Code Annotated section 40-35-321(e)(3), was not in effect at the time of his arrest or the entry of his guilty plea. Powell claims that the jail authorities failed to take his blood sample as required by Tennessee Code Annotated section 40-35-321 when he was imprisoned during his ninety-day jail sentence imposed by the trial court because the jail authorities were aware that they had already collected a blood sample from him. He further emphasizes that a period of four years lapsed from the time of his sentencing to the time that his probation officer threatened an arrest warrant for his failure to submit a second DNA sample. Finally, Powell states that if this court requires him to submit a second DNA sample, then he requests that his sample be taken by buccal swab collection kit by a person authorized to obtain the sample pursuant to Tennessee Code Annotated section 40-35-321(e)(1).

In response, the State contends that Powell has no appeal as of right pursuant to Tennessee Rule of Appellate Procedure 3(b), thereby requiring dismissal of this appeal. Alternatively, the State contends that the trial court properly ordered Powell to submit a second DNA sample since Tennessee Code Annotated section 40-35-321(b) requires individuals to submit DNA samples to be entered in the database following their conviction for sexual offenses. See T.C.A. § 40-35-321(b), (d)(1). The State further argues that if the DNA sample obtained from Powell prior to his conviction resulted in an unsatisfactory "DNA footprint," then Powell must "cooperate with authorities for purposes of registering his DNA in the DNA database pursuant to Tenn. Code Ann. § 40-35-321."

We must first consider whether Powell has an appeal as of right to this Court. Tennessee Code Annotated section 16-5-108(a) states that this court has appellate jurisdiction over final judgments of trial courts in criminal cases and "other cases or proceedings instituted with reference to or arising out of a criminal case." T.C.A. § 16-5-108(a)(1), (a)(2). However, just because this court has subject matter jurisdiction does not mean that Powell has an appeal as of right in this case. State v. Phillips, 968 S.W.2d 874,

877 (Tenn. Crim. App. 1996) (concluding that "the fact that we have authority over this case and the constitutional issue raised does not necessarily mean that the defendant has properly appealed the case"). Tennessee Rules of Appellate Procedure 3, 9, and 10 are the typical avenues for appeal. Rules 9 and 10 govern interlocutory appeals and are therefore inapplicable to this appeal. Rule 3(b) provides:

> **Availability of Appeal as of Right by Defendant in Criminal Actions.** In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(i) or (iv) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Tenn. R. App. P. 3(b) (emphasis added).

The record shows that this is not an appeal from a "judgment of conviction" or a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding. Although the rule allows for an appeal as of right from an order denying or revoking probation, Powell's probation was never actually revoked in this case. Moreover, the order Powell appealed from is the October 27, 2008 order requiring him to submit a second biological sample pursuant to Tennessee Code Annotated section 40-35-321 within a reasonable time period. Rule 3(b) does not allow for an appeal as of right from an order requiring a defendant to submit a DNA sample. Because this case is not properly before this court, it is dismissed.

## CONCLUSION

Upon review, we conclude that Powell does not have an appeal as of right pursuant to Tennessee Rule of Appellate Procedure 3(b). Accordingly, the appeal is dismissed.

_____
CAMILLE R. McMULLEN, JUDGE